IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ROBERT ALDERINK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No: |
| | ) |
| EQUIFAX INFORMATION SERVICES, LLC, | ) |
| and CAPITAL ONE BANK (USA), N.A., | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Defendant Capital One Bank (USA), N.A. ("Capital One"), by counsel, and pursuant to 28 U.S.C. §§ 1441 and 1446, hereby removes the above-entitled action, which is currently pending in the 60th District Court for the State of Michigan (Case No. 16 136276 GC), and states as follows:

## Background

1. On February 18, 2016, Plaintiff Robert Alderink ("Plaintiff") commenced an action against Equifax Information Services, LLC ("Equifax") and Capital One in the District Court for the 60th District for the State of Michigan by filing a Complaint against Defendants alleging that each had violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq*.

2. Capital One was served with a copy of the Complaint and a Summons on March 2, 2016. Copies of the Summons and Complaint are attached hereto as Exhibit A (redacted pursuant to Federal Rule of Civil Procedure 5.2).

3. Equifax has been served and has consented to removal to this Court. A copy of Equifax's consent is attached hereto as Exhibit B.

4. The Summons and Complaint constitutes "all process, pleadings, and orders served upon" Capital One in this action to date. 28 U.S.C. § 1446(a).

### Timeliness of Removal

5. Capital One received notice of this action through the service of the Summons and Complaint on or about March 2, 2016. Therefore, this notice of removal is timely under 28 U.S.C. § 1446(b) because less than 30 days have passed since Capital One was served with Plaintiff's Complaint.

### Removal Jurisdiction

6. This action is properly removable under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this case under 28 U.S.C. § 1331, which provides in pertinent part: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Specifically, Plaintiff's Complaint alleges that each defendant violated the FCRA.

7. Accordingly, because Plaintiff's claims allege violations of the FCRA, this is a civil action "arising under the Constitution, laws, or treaties of the United States" pursuant to Section 1331, and removal is appropriate pursuant to Sections 1441 and 1446.

8. Removal to this court is proper as the United State District Court for the Western District of Michigan embraces the District Court for the 60th District for the State of Michigan, where the state court action was filed.

### Notice to State Court and Plaintiff

9. Pursuant to 28 U.S.C. § 1446(d), Capital One is promptly providing written notice of this removal to Plaintiff and will promptly file a copy of this Notice of Removal with the Clerk of the Court for the state court.

WHEREFORE, Defendant Capital One Bank (USA), N.A. respectfully requests that the above-entitled action be removed from the District Court for the 60th District for the State of Michigan to this Court.

                                        Respectfully submitted,

                                        CAPITAL ONE BANK (USA), N.A.

                                        By: */s/Stephen W. King*
                                                  One of its attorneys

Jeffrey D. Pilgrim
PILGRIM CHRISTAKIS LLP
Attorneys for Defendant
321 North Clark Street, 26th Floor
Chicago, Illinois 60654
Ph. (312) 939-0923
jpilgrim@pilgrimchristakis.com

Stephen W. King (P56456)
KING & MURRAY PLLC
355 S. Old Woodward, Suite 100
Birmingham, MI 48009
(248) 792-2398
sking@kingandmurray.com

## **CERTIFICATE OF SERVICE**

I, Stephen W. King, certify that on March 30, 2016, I electronically filed the foregoing **Notice of Removal** with the Clerk of the Court using the CM/ECF system and deposited a copy the same in the U.S. Mail, proper postage prepaid, to the counsel listed below:

Gary D. Nitzkin
Nitzkin & Associates
22142 West Nine Mile Road
Southfield, MI 48033


                                        /s/Stephen W. King

# EXHIBIT

# A

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|
| **STATE OF MICHIGAN**<br>60th JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | **SUMMONS AND COMPLAINT** | **CASE NO.**<br>16 136276 GC |

Court address
990 Terrace St #105, Muskegon, MI 49442

Court telephone no.
(231) 724-6294

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| Robert Alderink<br>c/o MICHIGAN CONSUMER CREDIT LAWYERS<br>22142 W. Nine Mile Rd.<br>Southfield, MI 48033<br>(248) 353-2882 | v | Equifax Information Services, LLC<br>RA: CSC Lawyers Incorporating Service Company<br>601 Abbot Road<br>East Lansing MI 48823 |

Plaintiff's attorney, bar no., address, and telephone no.
Gary D. Nitzkin P41155
MICHIGAN CONSUMER CREDIT LAWYERS
22142 W. Nine Mile Rd.
Southfield, MI 48033
(248) 353-2882

Capital One Bank USA, N.A.
RA: Corporation Service Company
1111 E. Mainstreet, Ste. 1600
Richmond VA 23219

**SUMMONS** NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file a written answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk | |
|---|---|---|---|
| 2/22/16 | 5/23/16 | M Campbell | RET |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**VENUE**
| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Muskegon, MI | East Lansing, MI and Richmond, VA |

Place where action arose or business conducted
Muskegon, MI

Date: 2-15-2016

Signature of attorney/plaintiff: /s/ Gary D. Nitzkin w/ permission

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (5/15) SUMMONS AND COMPLAINT   MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

| PROOF OF SERVICE | SUMMONS AND COMPLAINT<br>Case No. |
|---|---|

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Mileage fee | Total fee |
|---|---|---|---|
| $ | | $ | $ |

Signature _____

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____ , _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                      Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____

Signature

| | |
|---|---|
| **PROOF OF SERVICE** | **SUMMONS AND COMPLAINT**<br>Case No. |

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ **OFFICER CERTIFICATE** | **OR** | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,
  together with _____
  List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Mileage fee | Total fee |
|---|---|---|---|
| $ | | $ | $ |

Signature _____

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                        Date

My commission expires: _____ Signature: _____
                        Date                      Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                          Attachments

_____ on _____
                                        Day, date, time

             on behalf of _____

Signature

STATE OF MICHIGAN
IN THE 60th DISTRICT COURT

ROBERT ALDERINK,
    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC,
a Georgia corporation, and
CAPITAL ONE BANK USA, N.A.,
a national association,
    Defendants.
_____/

GARY D. NITZKIN (P41155)
TRAVIS SHACKELFORD (P68710)
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com
_____/

FILED 2016 FEB 18 PM 12:15
60TH DISTRICT COURT
MUSKEGON, MI

## COMPLAINT AND JURY DEMAND

NOW COMES THE PLAINTIFF, ROBERT ALDERINK, THROUGH COUNSEL, MICHIGAN CONSUMER CREDIT LAWYERS, BY GARY D. NITZKIN, and for his Complaint against the Defendants, plead as follows:

### VENUE

1. The transactions and occurrences which give rise to this action occurred in the City of Muskegon, Muskegon County, Michigan.

2. Venue is proper in the 60th District Court in Muskegon County, Michigan as the actions and occurrences recited herein occurred in the City of Muskegon, in Muskegon County, Michigan.

1

3. The amount in controversy is less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## PARTIES

4. The Defendants to this lawsuit are:

   a. Equifax Information Services, LLC ("Equifax") which is a Georgia company that maintains a registered agent in Ingham County, Michigan; and

   b. Capital One Bank, USA, N.A. ("Capital One") which is a national banking association that maintains registered offices in Richmond County, Virginia.

## GENERAL ALLEGATIONS

5. Capital One is reporting its trade line with account number REDACTED ("Errant Trade Line") on Plaintiff's Equifax credit file with multiple charge offs.

6. The multiple charge offs convey to any user or prospective of Mr. Alderink's credit reports that, not only did a charge off incur on a particular date, but for several months thereafter. These repetitive charge off notations are far more punitive and misleading than informative.

7. These multiple charge offs are inaccurate in that they inaccurately reflect the account as having been charged off multiple times.

8. On or about January 12, 2016, Mr. Alderink, submitted a letter to Equifax disputing multiple charge offs on the Errant Trade Line.

9. Upon information and belief, Equifax transmitted Mr. Alderink's consumer dispute to Capital One.

10. On or about January 23, 2016, Mr. Alderink received a letter from Capital One which stated that it reviewed its records and found that it previously responded to his request on November 20, 2015. This is false as this is the first time that Mr. Alderink disputed the multiple charge off issue on the Errant Trade Line. He did in fact previously dispute the Errant Trade Line based on the fact that he though it should not be there because his ex-wife was ordered to be responsible for the debt through their divorce.

11. On or about January 25, 2016, Mr. Alderink received Equifax's investigation results which showed that Capital One retained the multiple charge offs on the Errant Trade Line.

### COUNT I

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CAPITAL ONE

12. Plaintiff realleges the above paragraphs as if recited verbatim.

13. After being informed by Equifax of Mr. Alderink's consumer dispute to the Errant Trade Line, Capital One negligently failed to conduct a proper investigation of Mr. Alderink's dispute as required by 15 USC 1681s-2(b).

14. Capital One negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Equifax to remove the multiple charge offs on the Errant Trade Line.

15. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Alderink's consumer credit file with Equifax to which it is reporting such trade line.

3

16. As a direct and proximate cause of Capital One's negligent failure to perform its duties under the FCRA, Mr. Alderink has suffered damages, mental anguish, suffering, humiliation and embarrassment.

17. Capital One is liable to Mr. Alderink by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

18. Mr. Alderink has a private right of action to assert claims against Capital One arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Capital One for damages, costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CAPITAL ONE

19. Plaintiff realleges the above paragraphs as if recited verbatim.

20. After being informed by Equifax that Mr. Alderink disputed the accuracy of the information it was providing, Capital One willfully failed to conduct a proper reinvestigation of Mr. Alderink's dispute.

21. Capital One willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

4

22. As a direct and proximate cause of Capital One's willful failure to perform its respective duties under the FCRA, Mr. Alderink has suffered damages, mental anguish, suffering, humiliation and embarrassment.

23. Capital One is liable to Mr. Alderink for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Capital One for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

24. Plaintiff realleges the above paragraphs as if recited verbatim.

25. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Alderink as that term is defined in 15 USC 1681a.

26. Such reports contained information about Mr. Alderink that was false, misleading and inaccurate.

27. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Alderink, in violation of 15 USC 1681e(b).

28. After receiving Mr. Alderink's consumer dispute to the Errant Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

29. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mr. Alderink has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

30. Equifax is liable to Mr. Alderink by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Equifax for actual damages, costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

### COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

31. Plaintiff realleges the above paragraphs as if recited verbatim.

32. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Alderink as that term is defined in 15 USC 1681a.

6

33. Such reports contained information about Mr. Alderink that was false, misleading and inaccurate.

34. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Alderink, in violation of 15 USC 1681e(b).

35. After receiving Mr. Alderink's consumer dispute to the Errant Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

36. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mr. Alderink has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

37. Equifax is liable to Mr. Alderink by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest and reasonable attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

**JURY DEMAND**

Plaintiff hereby demands a trial by Jury.



Respectfully submitted,

February 12, 2016

/s/ Gary D. Nitzkin

GARY D. NITZKIN (P41155)
TRAVIS SHACKELFORD (P68710)
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com

FILED 2016 FEB 18 PM 12:15 60TH DISTRICT COURT MUSKEGON, MI

# EXHIBIT

# B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ROBERT ALDERINK,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC and CAPITAL ONE BANK (USA), N.A.,<br><br>Defendants. | Civil Action No.:<br><br>Judge<br>Magistrate Judge |
| NITZKIN & ASSOCIATES<br>Gary D. Nitzkin<br>Travis Shackelford<br>22142 West Nine Mile Road<br>Southfield, MI 48033<br>(248) 353-2882<br>Email: gnitzkin@creditor-law.com<br>*Attorneys for Plaintiffs* | KING & SPALDING, LLC<br>Kendall W. Carter<br>1180 Peachtree Street<br>Atlanta, GA 30309<br>(404) 5722495<br>Email: kcarter@kslaw.com<br>*Attorneys for Equifax Information Services LLC.* |

### DEFENDANT EQUIFAX INFORMATION SERVICES, LLC'S
### CONSENT TO REMOVAL

Without waiving any of its defenses or any other rights, Defendant Equifax Information Services, LLC hereby consents to the notice of removal of this action from the 60th District Court, Michigan, wherein it is now pending, to the United States District Court for the Western District of Michigan.

Respectfully submitted this 17th day of March, 2016.

*Attorneys for Defendant Equifax Information Services, LLC*